# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| PLASMACAM, INC., | |
| PLAINTIFF, | |
| v. | CIVIL ACTION NO. 4:19-CV-00037-ALM |
| CNCELECTRONICS, LLC, FOURHILLS DESIGNS, LLC, THOMAS LEE CAUDLE, AND MARTHA JANE CAUDLE, | PATENT CASE |
| | JURY TRIAL DEMANDED |
| DEFENDANTS. | |

# DEFENDANTS' 12(B)(6) MOTION TO DISMISS PLASMACAM'S FIRST AMENDED COMPLAINT

## INTRODUCTION

PlasmaCAM's First Amended Complaint (Complaint) fails to (1) describe any allegedly infringing product with specificity; (2) allege how any such product purportedly infringes the asserted claims; (3) plead facts sufficient to infer the intent required to support a claim for indirect infringement; (4) identify the third parties whose infringement Defendants allegedly induce; or (5) plead any facts in connection with its contributory infringement allegations. The Complaint therefore fails to establish "a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* FED. R. CIV. P. 8. Because PlasmaCAM's First Amended Complaint fails to meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure, Defendants respectfully ask the Court to dismiss the Complaint.

## BACKGROUND

PlasmaCAM accuses Defendants of directly, indirectly, and willfully infringing U.S. Patent No. 7,071,441 ("the '441 Patent"), which claims technology related to plasma cutting systems. Specifically, PlasmaCAM alleges:

> Upon information and belief, Defendants currently own and operate an e-commerce website currently found at www.candcnc.net, through which they use, offer for sale, and sell certain [Products].[1]
>
> Defendants have and continue to infringe the '441 Patent by using a plasma cutting system or systems in the United States that embody or use the inventions claimed in the '441 Patent, including, without limitation, those in Claims 1, 15, and 20.
>
> Evidence of Defendants' infringement can be found within Defendants' own product manuals and Defendants' videos currently found at https://www.candcnc.com/videos/ and on

---

[1] PlasmaCAM defines "Products" as "'Plug-n-Run Systems' and other plasma cutting systems, components thereof, software and related products." First Amended Complaint (Compl.), ECF No. 5 ¶ 14.

YouTube.

Additionally, Defendants have been and are actively and knowingly inducing infringement of the '441 Patent by offering and selling the Products, along with how-to instructions, manuals, and support materials for same, to Defendants' customers who then build and use cutting systems that infringe the '441 Patent.

Compl. ¶¶ 14–17.

PlasmaCAM effectively repeats these allegations in the specific counts of its Complaint.

For example, its direct-infringement claim alleges that:

Defendants have been and are infringing the '441 Patent by using a plasma cutting system or systems in the United States, including within this judicial district, that embody or use the inventions claimed in the '441 Patent, in violation of 35 U.S.C. § 271(a).

Compl. ¶ 24.

Similarly for its induced-infringement claim, PlasmaCAM re-alleges:

Defendants have been and are inducing infringement of the '441 Patent by actively and knowingly offering and selling one or more of the Products, along with how-to instructions, manuals, and support materials for same, to Defendants' customers who then build and use cutting systems that infringe the '441 Patent, in violation of 35 U.S.C. § 271(b).

Knowing of the existence of the '411 [sic] Patent, Defendants instructed and/or caused end users to infringe the '411 [sic] Patent with the specific intent that end-users would infringe.

Compl. ¶¶ 30–31.

And for its contributory-infringement claim, Plaintiff alleges:

End users who purchase plasma cutting systems from Defendants are directly infringing the '441 Patent.

Defendants have had knowledge of the '441 Patent at least since May 23, 2018.

Defendants' plasma cutting systems embody the inventions claimed in the '441 Patent, including, without limitation, those in Claims 1,

15, and 20.

Defendants' plasma cutting systems have no substantial noninfringing use.

Compl. ¶¶ 37–40.

PlasmaCAM's direct-infringement allegations fail to identify the specific products that allegedly infringe the '441 Patent or describe how any such product infringes. And its inducement and contributory infringement claims merely parrot legal elements without any supporting facts. These generic, boilerplate allegations fall far short of the pleading standard.

## ISSUES TO BE DECIDED

1. Whether the direct infringement claims in Count I of the First Amended Complaint fail to state a claim upon which relief may be granted.

2. Whether the induced infringement claims in Count II of the First Amended Complaint fail to state a claim upon which relief may be granted.

3. Whether the contributory infringement claims in Count III of the First Amended Complaint fail to state a claim upon which relief may be granted.

## LEGAL STANDARD

A motion to dismiss should be granted if a complaint does not contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet the plausibility standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This requires more than a "sheer possibility that a defendant has acted unlawfully." *Id.* When, as here, a plaintiff pleads only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," such allegations do not meet the pleading standard, and dismissal is warranted. *Id.*

**ARGUMENT**

**A. PlasmaCAM does not identify any specific products or actions that allegedly directly infringe any claims of the '441 Patent.**

In support of its direct-infringement claim, PlasmaCAM alleges only that "Defendants have and continue to infringe the '441 Patent by using a plasma cutting system or systems in the United States that embody or use the inventions claimed in the '441 Patent, including, without limitation, those in Claims 1, 15, and 20." Compl. ¶ 15; *see also id.* ¶ 24. The Complaint does not include any other allegations regarding how or why Defendants' unspecified use of an unidentified plasma cutting system may infringe the '441 Patent. Such a "naked assertion" of wrongdoing without "factual enhancement" is legally insufficient to state a claim. *See Twombly*, 550 U.S. at 557.

Critically, PlasmaCAM does not specify a single product or action that is supposedly covered by the claims.[2] At most, PlasmaCAM generically states that "a plasma cutting system or systems . . . that embody or use [claims of the '441 Patent]." Compl. ¶ 24. This is the same kind of "broad functional language" the Federal Circuit has deemed legally insufficient to state a claim for relief. *See Artrip v. Ball Corp.*, 735 F. App'x 708, 714–15 (Fed. Cir. 2018) (finding allegation that "one or more machines" included each element of the independent claims was

---

[2] PlasmaCAM alleges that Defendants use "certain 'Plug-n-Run Systems' and other plasma cutting systems, components thereof, software and related products (collectively, the '**Products**')." Compl. ¶ 14. "Plug and run" is a common term in the computer and electronics industry that signifies there is no assembly welding, soldering, or custom programming required to operate the product. It describes a category of products, not any particular product. Regardless, PlasmaCAM does not claim that any of these so-called "Plug-n-Run" Products directly infringe the '441 Patent. *Compare* Compl. ¶¶ 23–28 (failing to allege that the use of the unidentified Products directly infringe the '441 Patent), *with id.* ¶ 30 (alleging sale of the "Products" constitutes evidence of induced infringement).

insufficient to state a plausible claim for relief because such allegation did not identify any particular machine that allegedly infringed, other than by broad functional language).

Further, PlasmaCAM fails to set forth any factual allegations that describe how Defendants' use of any plasma cutting system meets any claim of the '441 Patent. While the Complaint alleges that "[e]vidence of Defendants' infringement can be found within Defendants' own product manuals and Defendants' videos," Compl. ¶ 16, it does not compare the information from the product manuals or videos to any asserted claim. Nor does the Complaint specifically identify any particular product manual or video that purportedly supports its allegations.

Courts in this district have found similar allegations insufficient to meet the pleading standards. For example, in *Chapterhouse, LLC v. Shopify, Inc.*, the plaintiff included in its complaint the text of an exemplary claim from each of the asserted patents, along with screenshots of the allegedly infringing products after each element of the exemplary claims. *See* No. 2:18-cv-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018). But the plaintiff did not provide any explanation of how the images in the screenshots related to the asserted claims. The court determined that such allegations were conclusory, and that the screenshots did not constitute the requisite factual allegations to support a direct-infringement claim. *Id*. Further, the court held that in addition to the screenshots, "[p]laintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met." *Id*. As in *Chapterhouse*, PlasmaCAM's Complaint fails to allege how any information from the unidentified product manuals or videos meets the limitations of any asserted claim.

For these reasons, PlasmaCAM's claim for direct infringement should be dismissed.

**B.  PlasmaCAM fails to plead sufficient facts to state an induced-infringement claim.**

To state a claim for induced infringement, PlasmaCAM must allege facts that show that each Defendant (1) specifically intended a third party to directly infringe the plaintiff's patent, and (2) knew that the third party's actions constituted infringement. *See Ruby Sands LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-cv-1955-JRG, 2016 WL 3542430 at *3 (E.D. Tex. Jun. 28, 2016). PlasmaCAM's Complaint fails to meet these requirements.

**1.  PlasmaCAM fails to set forth any factual allegations regarding Defendants' specific intent to induce infringement.**

To support its inducement allegations, the Complaint identifies "how-to instructions, manuals, and support materials for [Defendants' Products]," Compl. ¶ 30, and "product manuals and Defendants' videos currently found at https://www.candcnc.com/videos/ and on YouTube," *id.* ¶ 16. But nowhere does the Complaint describe what these materials allegedly show, or allege any facts that would support the inference that these materials teach an infringing use of a plasma cutting system. Naked references to product manuals and unspecified videos, without more, are insufficient to meet the pleading requirements for specific intent. *See, e.g.*, *Takeda Pharm. U.S.A., Inc. v. W.-Ward Pharm. Corp.*, 785 F.3d 625, 631 (Fed. Cir. 2015) ("The question is not just whether instructions 'describ[e] the infringing mode,' but whether the 'instructions teach an infringing use of the device *such that* we are willing to infer from those instructions an affirmative intent to infringe the patent.'" (alteration in original) (emphasis in original) (citations omitted)).

In *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, the court encountered similarly deficient allegations regarding instructive materials. *See* No. 6:14-cv-751-JDL, 2015 WL 5000397, at *4

(E.D. Tex. Jun. 3, 2015) (dismissing inducement claims based on allegations that "[defendant] provides instructive materials and information concerning the operation and use of the accused products"). There, there court held:

> [F]ailing to allege any facts identifying, even at a basic level, which functionalities of the accused products are at issue, or how the instructions direct customers to use those products in an infringing manner, falls short of satisfying Rule 8's notice requirement. In other words, generic allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim.

*Id.*

Here, PlasmaCAM's Complaint sets forth the same insufficient "identification" of instructional materials as did the plaintiff's complaint in *Core Wireless*. PlasmaCAM's Complaint therefore fails to adequately plead the specific intent required to show inducement.

### 2. PlasmaCAM does not plausibly allege that any third parties directly infringe the '441 Patent.

PlasmaCAM alleges that unnamed third parties "build and use cutting systems that infringe the '441 Patent." *See* Compl. ¶ 30. This broad, conclusory statement fails to identify these alleged third parties, or allege facts showing "why or how" these unidentified third parties are direct infringers. Because there can be no induced infringement without direct infringement, *see DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006), PlasmaCAM's failure to show third-party direct infringement renders its inducement allegations insufficient, *see Air Vent, Inc. v. Owens Corning Corp.*, No. 10-cv-1699, 2011 WL 2601043, at *4 (W.D. Pa. June 30, 2011) (dismissing inducement claims that did "not aver any facts as to why or how . . . purchasers or users would be direct infringers"); *Clear With Computs., LLC v. Bergdorf Goodman, Inc.*, No. 09-cv-481, 2010 WL 3155888, at *4 (E.D. Tex. Mar. 29, 2010) (dismissing inducement claim when

plaintiff failed to identify a direct infringer).

PlasmaCAM's allegation that unnamed third parties allegedly "build and use cutting systems that infringe the '441 Patent, " Compl. ¶ 30, is too broad and conclusory to support a plausible claim for inducement. *See e.g., Artrip*, 735 F. App'x at 715; *Chapterhouse*, 2018 WL 6981828 at *2. Accordingly, this Court should dismiss PlasmaCam's claim for inducing infringement.

## C.  PlasmaCAM's boilerplate contributory-infringement claim fails the pleading standard.

To state a valid claim for contributory infringement, PlasmaCAM must allege facts to show: (1) an act of direct infringement; (2) Defendants knew that the combination for which its components were especially made was both patented and infringing; and (3) Defendants' components have no substantial non-infringing uses. *See Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005). Inducement and contributory infringement share the elements of specific intent and proof of an underlying direct infringer. *Personal Audio, LLC v. Google, Inc.*, No. 1:15-cv-350, 2017 WL 4837853 at *6 (E.D. Tex. May 5, 2017).

As set forth above, PlasmaCAM's Complaint fails to plead sufficient facts regarding specific intent or any underlying direct infringement to support its inducement claim. PlasmaCAM's claim for contributory infringement should be dismissed for these reasons alone. But further, the Complaint also fails to plead sufficient facts to show that Defendants knew that the unspecified accused products were especially made for an infringing use, or that the products have no substantial non-infringing uses. PlasmaCAM's claim for contributory infringement is deficient for a number of reasons, and should be dismissed.

**1. PlasmaCAM does not sufficiently plead that the accused products were known by Defendants "to be especially made or especially adapted" for an infringing use.**

As a threshold matter, the Complaint does not even mention, let alone sufficiently allege, that Defendants knew the accused products were "especially made or especially adapted" to infringe the '441 Patent. For this reason alone, PlasmaCAM's contributory-infringement claim should be dismissed. *See Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1296 (Fed. Cir. 2012) (affirming dismissal of contributory-infringement claim when plaintiff failed to allege facts that the accused products were "especially made or especially adapted for use in an infringement").

**2. PlasmaCAM does not plead any facts to support its contention that the accused products have no substantial non-infringing uses.**

PlasmaCAM also baldly alleges that "Defendants' plasma cutting systems have no substantial noninfringing use." Compl. ¶ 40. The Complaint does not include any other facts or statements supporting PlasmaCAM's claim. Such generalized, conclusory assertions are insufficient as a matter of law to support a claim for contributory infringement. *See Core Wireless*, 2015 WL 5000397, at *5.

Again, PlasmaCAM's Complaint includes the same generic allegation that the court in *Core Wireless* dismissed because it "fails to identify the components of the accused products used to infringe the asserted patents, and is devoid of any facts from which the Court can plausibly infer that any components of the products being sold have 'no substantial non-infringing uses.'" *Core Wireless*, 2015 WL 5000397, at *5 (quoting *Cross Med. Prods.*, 424 F.3d at 1312). "[W]ith [the] lack of clarity and specificity" caused by plaintiff's failure to "identify the general functionality of the respective patents, the hardware and/or software components it accuses, or

how those components [we]re material and especially adapted for infringement," the court found it "impossible to derive a plausible inference that the accused hardware/software ha[d] no substantial non-infringing uses." *Id.* Here too, PlasmaCAM fails to provide any allegations that would allow the Court to derive a plausible inference that the accused products have no substantial non-infringing uses.

PlasmaCAM's contributory-infringement claim should be dismissed.

## Conclusion

The pleading rules are designed to ensure that a plaintiff has some basis for its allegations, and to put the defendant on reasonable notice of the plaintiff's claims. The allegations in PlasmaCAM's Complaint satisfy neither purpose. Therefore, Plaintiff's Complaint should be dismissed.

Dated: June 10, 2019                        Respectfully submitted,

                                            */s/ Austin Teng*
                                            **Vishal Patel**
                                               State Bar No. 24065885
                                               Vishal.Patel@tklaw.com
                                            **Austin Teng**
                                               State Bar No. 24093247
                                               Austin.Teng@tklaw.com
                                            **Emily Fitzgerald**
                                               State Bar No. 24097690
                                               Emily.Fitzgerald@tklaw.com

                                            **THOMPSON & KNIGHT LLP**
                                            One Arts Plaza
                                            1722 Routh St., Suite 1500
                                            Dallas, Texas 75201
                                            214.969.1700
                                            214.969.1751 (Fax)

                                            **ATTORNEYS FOR DEFENDANTS**
                                            **CNCELECTRONICS, LLC,**
                                            **FOURHILLS DESIGNS, LLC,**
                                            **THOMAS CAUDLE, AND MARTHA CAUDLE**

**CERTIFICATE OF SERVICE**

I certify that on June 10, 2019, a true and correct copy of the foregoing document was

served on all counsel of record via ECF notification.

*/s/ Austin Teng*
Austin Teng