# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| PLASMACAM, INC. | § | |
| | § | |
| v. | § | Civil Action No.  4:19-cv-00037 |
| | § | Judge Mazzant |
| CNCELECTRONICS, LLC, FOURHILLS | § | |
| DESIGNS, LLC, THOMAS LEE | § | |
| CAUDLE, AND MARTHA JANE | § | |
| CAUDLE | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendants CNCElectronics, LLC, Fourhills Designs, LLC, Thomas Lee Caudle, and Martha Jane Caudle's (collectively, "Defendants") Motion to Dismiss PlasmaCAM's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) ("Motion") (Dkt. #24).  Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be denied.

## BACKGROUND

On January 18, 2019, Plaintiff PlasmaCAM, INC. ("Plaintiff") filed its First Amended Complaint ("Complaint") (Dkt. #5).  On June 10, 2019, Defendants filed their Motion (Dkt. #24). On June 24, 2019, Plaintiff responded in opposition to Defendants' Motion (Dkt. #27).  On July 2, 2019, Defendants replied (Dkt. #29).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This

evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* At 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing the Complaint, the Motion, the response, and the reply, the Court finds that Plaintiff has stated plausible claims for purposes of defeating a Rule 12(b)(6) motion.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. #24) is hereby **DENIED**.

**SIGNED this 27th day of August, 2019.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE