UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | |
|---|---|
| PlasmaCAM, Inc. a Colorado corporation,<br><br>    Plaintiff,<br><br>v.<br><br>CNCElectronics, LLC, a Texas limited liability company; Fourhills Designs, LLC, a Texas limited liability company; Thomas Lee Caudle, an individual; Martha Jane Caudle, an individual,<br><br>    Defendants. | Civil Action No. 4:19-cv-00037-ALM<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT OR, ALTERNATIVELY, TO DETERMINE THAT NO SETTLEMENT WAS REACHED**

Pursuant to the Court's Minute Entry dated February 7, 2020, Plaintiff PlasmaCAM, Inc. ("PlasmaCAM") moves the Court to enforce the parties' settlement agreement, as reasonably contemplated by the email correspondence between them or, alternatively, to determine that no settlement was reached.

The disputed settlement term concerns the scope of the mutual release. The parties reached an agreement that allowed Defendants to continue selling the products PlasmaCAM alleges infringe the sole patent at issue in this lawsuit (U.S. Patent No. 7,071,441). In the course of finalizing the settlement agreement, Defendants have seized on ostensible ambiguity in the email correspondence attached hereto as **Exhibit A** to unreasonably expand that permission (through the mutual-release provision) to include future uses of other patents and intellectual

property. The emails between the parties in Exhibit A demonstrate that this expanded release was never reasonably contemplated.

PlasmaCAM made clear in its initial settlement offer that the mutual release would concern "the patent at issue." Defendants responded that they would agree, provided the release covered future claims of infringement against Defendants and their downstream customers. PlasmaCAM agreed and provided Defendants with a draft agreement. PlasmaCAM reasonably understood—and the emails in Exhibit A support—that the mutual release would concern release of the claims relating to or arising out of this lawsuit, specifically as it relates to the infringing products and the patent at issue. Defendants argue the mutual-release term gives them perpetual and unlimited free rein to use any and all of PlasmaCAM's intellectual property into the future. Defendants' construction is unreasonable, and PlasmaCAM requests the Court enforce the settlement based on a reasonable interpretation of the agreed-upon terms in Exhibit A.

In the alternative, if the Court believes Defendants' position as to the release provision could be a reasonable interpretation of the settlement terms, PlasmaCAM respectfully requests the Court determine that the parties did not reach an agreement—on grounds there was no mutual assent or meeting of the minds—and reset the case for trial.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. THE COURT SHOULD ENFORCE THE SETTLEMENT BASED ON A REASONABLE INTERPRETATION OF THE AGREED-UPON TERMS.**

**A. The Parties Reached a Written Agreement by Email.**

PlasmaCAM filed the present lawsuit on January 16, 2019, alleging direct and indirect infringement of the patent-in-suit (U.S. Patent No. 7,071,441). After a year of litigation, the parties reached settlement terms via two emails, wherein, *inter alia*, PlasmaCAM would allow Defendants to continue making and selling the allegedly infringing products. PlasmaCAM sent Defendants an email on December 20, 2019, commemorating the settlement terms (*see* Exhibit A), including the following term at issue –

> The parties will enter into mutual releases which will include releasing CNCElectronics's downstream customers **from liability for infringing the patent at issue**.

*Id*. at 1 (emphasis added). Defendants responded that same day as follows:

> Provided that the release also covers future claims, then it looks like we have a settlement. I.e., the agreement includes a covenant not to sue (or license or similar) to cover Defendants and their downstream customers/users, from future infringement claims.

*Id*. PlasmaCAM accepted the offer and provided Defendants with a draft agreement.

### B.   Defendants Seek an Unreasonable and Uncontemplated Expansion of the Mutual Release.

Black's Law Dictionary defines a mutual release as "[a] simultaneous exchange of releases of legal claims held by two or more parties against each other." Definition of *mutual release*, Black's Law Dictionary (11th ed. 2019). The definition does not suggest the term automatically means a release of *all* legal claims.

"Like any other agreement, a release is subject to the rules of construction governing contracts." *Baty v. ProTech Ins. Agency*, 63 S.W.3d 841, 848 (Tex. App. 2001). General categorical releases, however, are narrowly construed. *Keck, Mahin & Cate v. National Union Fire Ins. Co.*, 20 S.W.3d 692, 698 (Tex. 2000). "To effectively release a claim, the releasing instrument must 'mention' the claim to be released; ... [a]ny claims not 'clearly within the subject matter' of the release are not discharged, even if those claims exist when the release is executed." *Baty*, 63 S.W.3d at 848. Thus, while a mutual release may be modified to expand or contract its scope, a mutual release does not automatically adopt the broadest possible meaning, as suggested by Defendants; in fact, the opposite is true.

Based on these terms, the parties disagree as to the scope of the mutual release. There is, arguably, some ambiguity in the emails concerning the scope of the release as they do not state that the parties will release claims whether known or unknown. They also do not state that the parties will release any claims *beyond* those claims relating to or arising out of the lawsuit.

However, the reference to a mutual release indicates it only relates to "the patent at issue." And a proposed mutual release, in the context of a lawsuit, suggests the release relates only to the claims asserted in the lawsuit. Thus, the most reasonable interpretation of the terms indicate that the release only concerned claims relating to or arising out of the present lawsuit.

Accordingly, PlasmaCAM understood that the mutual release would release the claims relating to or arising out of the present lawsuit, specifically as they related to the infringing products and the patent-in-suit. PlasmaCAM would agree to allow Defendants to continue making and selling the infringing products only. PlasmaCAM has rights to other patents and various other intellectual property for which it would not consent to Defendants' use.

Defendants claim the mutual release includes any and all past, present, and future claims, known or unknown, whether or not they relate to or arise out of the lawsuit. A subsequent email from Defendants even complains that PlasmaCAM's proposed "release and covenant not to sue would not cover potential claims for infringement of PlasmaCAM's other patent." Exh. A at 4. A later revision of the settlement agreement by Defendants was broadened further to include any and all future claims without limitation. This construction goes far beyond what could have been reasonably contemplated by the parties.

Defendants ascribe meaning to "mutual release" that is not, by itself, supported by law and goes far beyond a reasonable understanding of the parties' agreed-upon terms. Defendants suggest that a mutual release, without more, automatically means the release concerns any and all claims, known or unknown, past, present, or future, whether claims relating to or arising out of the lawsuit or elsewhere. While some mutual releases extend broadly to any and all possible claims, not all mutual releases are so broad. And, as indicated above, courts interpret such releases narrowly. In fact, a release for any and all *future* conduct would be highly unusual—and, in some jurisdictions, is even void as a matter of public policy. *See, e.g.*, *Zachry Const. Corp. v. Port of Hous. Auth. of Harris Cty.*, 449 S.W.3d 98, 116–117 (Tex. 2014) (holding that pre-injury waivers of future contract liability may be void as against public policy).

Defendants argue that, for the word "mutual" to be given any effect, the release must extend to any and all possible claims because Defendants did not bring any affirmative claims. Thus, they argue, they would not otherwise be releasing any claims, rendering the term "mutual" without meaning. But this argument misunderstands the scope of a mutual release for "claims relating to or arising out of the lawsuit." Mutual releases regularly only release the parties from claims relating to or arising out of the lawsuit. Such releases include claims that one party could have brought related to the subject matter of the lawsuit but did not—for instance, a claim to invalidate the subject patent. Such claims would be released by virtue of a mutual release.

### C. The Court Should Enforce a Reasonable Interpretation of the Terms.

The agreed-upon terms in this case indicate that the parties reasonably contemplated releasing claims related to the infringing product and the subject patent. Defendants' construction of the mutual release to include any and all possible claims in the past, present, and future—to include other patents and intellectual property—is unreasonable.

Therefore, PlasmaCAM respectfully requests that the Court enforce the settlement based on the most reasonable interpretation of the agreed-upon terms, *i.e.*, that the mutual release only concerns claims relating to or arising out of the claims asserted in the present lawsuit.

### II. ALTERNATIVELY, THE COURT SHOULD DETERMINE THAT THE PARTIES DID NOT REACH AN AGREEMENT.

If the Court disagrees with PlasmaCAM's contentions above, and finds that Defendants' position as to the release provision could be a reasonable interpretation of the terms, PlasmaCAM respectfully requests that the Court find that the parties did not reach a settlement agreement. In such event, there was unquestionably no meeting of the minds. PlasmaCAM would not have—and certainly did not understand that it could have—released Defendants from other infringing activities unrelated to the patent infringement allegations in the present lawsuit. Nor would PlasmaCAM have given Defendants a perpetual and unlimited license to use all of its

valuable intellectual property into the future. PlasmaCAM never understood the agreement to contemplate such an expansive release provision.

### III. CONCLUSION

For all of the above reasons, Plaintiff PlasmaCAM, Inc. respectfully requests that the Court enforce the settlement agreement and determine that the mutual release provision only concerns the claims relating to, or arising out of those asserted in the present lawsuit.

In the alternative, PlasmaCAM requests the Court determine that there was no settlement agreement and reset the case for trial.

DATED this 21st day of February, 2020.

**JABURG & WILK, P.C.**

/s/ Michael B. Dvoren
Michael B. Dvoren, AZ Bar No. 027386
(*Designated as Lead Attorney* per LRCiv. 11)
E-mail: mbd@jaburgwilk.com
Maria Crimi Speth, AZ Bar No. 012574
(Admitted *Pro Hac Vice*)
E-mail: mcs@jaburgwilk.com
3200 N. Central Avenue, Suite 2000
Phoenix, AZ 85012
Telephone: (602) 248-1000
Fax: (602) 248-0522
*Attorneys for Plaintiff PlasmaCAM, Inc.*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that the substance of the foregoing motion was argued among the parties in a telephonic hearing, after which the Court authorized the filing of this motion. (Minute Entry dated February 7, 2020).

/s/ Maria Crimi Speth

## CERTIFICATE OF SERVICE

I certify that on February 24, 2020, a true and correct copy of the foregoing document was served on all counsel of record via ECF notification.

                                                  */s/ Michael B. Dvoren*