# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| PLASMACAM, INC. § | |
| § | |
| v. § | Civil Action No. 4:19-cv-00037 |
| § | Judge Mazzant |
| CNCELECTRONICS, LLC, FOURHILLS § | |
| DESIGNS, LLC, THOMAS LEE § | |
| CAUDLE, AND MARTHA JANE § | |
| CAUDLE § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendants' Motion for Reconsideration of Order on Motion to Enforce Settlement (Dkt. #69). Having considered the Motion and the relevant pleadings, the Court finds that it should be **DENIED**.

### BACKGROUND

On December 23, 2019, counsel for Plaintiff PlasmaCAM, Inc. notified the Court via telephone that the parties reached a settlement. That same day, the Court ordered the parties to file all papers necessary for the closing of this case by January 23, 2020 (Dkt. #50). On January 23, 2020, the parties filed a Joint Notice of Non-Settlement and Request for Telephonic Conference (Dkt. #51). In their notice, the parties indicated that "despite their best efforts, they have been unable to finalize and execute a written settlement agreement. Specifically, the parties have a dispute regarding the scope of the mutual release" (Dkt. #51). The parties also requested a telephone conference with the Court, which the Court held on February 7, 2020.

After hearing the parties' dispute during the telephone conference, the Court directed the parties to file any motions to enforce the settlement agreement. Plaintiff and Defendants filed separate motions (Dkt. #56, #57). In Defendants' response to Plaintiff's motion, they observed that "the parties appear to agree" on the scope of the settlement's mutual release (Dkt. #61 at p. 2).

Defendants also stated they "do not take issue with [Plaintiff's] construction of 'mutual release'" (Dkt. #61 at p. 3). In Plaintiff's reply, Plaintiff indicated that "it appears Defendants have finally come around to the position advocated by [Plaintiff] all along" (Dkt. #62 at p. 1). Plaintiff also noticed that "[b]ased on Defendants' Response [(Dkt. #61)], it is now unclear where the parties disagree" (Dkt. #62 at p. 2). The Court was also confused as to what was still in dispute, and so it scheduled a status conference to discuss whether there was any remaining disagreement (Dkt. #64).

During the June 5, 2020 status conference, the Court pointed out that it looked like a settlement had been reached and noticed the apparent agreement on the dispute regarding the scope of the mutual release. The parties did not express any disagreement with the Court's characterization. At the end of the conference, the Court gave the parties two weeks to resolve the issue on their own. Two weeks passed and the parties notified the Court that they were still unable to reach a resolution (Dkt. #65).

On June 22, 2020, the Court granted Plaintiff's Motion to Enforce Settlement and denied Defendants' competing motion (Dkt. #66). The Court noted the Motions bordered on "frivolous" because "after filing competing briefs to enforce the settlement agreement, the parties ended up realizing that there was no longer a dispute." (Dkt. #66 at p. 3). "Defendants' own articulation of the settlement's terms are identical to Plaintiff's in every material way. . . Defendants did not meaningfully contest [Plaintiff's construction] in their response to Plaintiff's motion or at the June 5 status conference." (Dkt. #66 at p. 3-4). Accordingly, the Court granted Plaintiff's motion to enforce settlement and found the parties' objective understanding of the settlement terms to be:

> 2. **Covered Products.** For purposes of this Agreement, the term "Covered Products" shall mean (1) all components previously or currently manufactured, sold or offered for sale by CNC which incorporate digital torch height control; and (2) updates and bug fixes to the currently manufactured products.
>
> . . .

> 7. **Mutual Release.** Subject to PlasmaCAM's timely receipt of the Settlement Payment, the Parties each hereby release the other Party and their respective officers, agents, servants, employees, and attorneys from any and all actions, judgments, indebtedness, damages, losses, claims, demands, costs, expenses, attorney fees and liabilities, whether known or unknown, that were brought or should have been brought, arising out of or relating to the Litigation.
>
> 8. **Covenant Not to Sue.** Subject to PlasmaCAM's timely receipt of the Settlement Payment, PlasmaCAM, on behalf of itself and its licensor, hereby covenants not to sue CNC or any of CNC's distributors, customers, suppliers, or end users for any infringement of the Patent that arises from the making, use, sale, offer for sale, import, or export of any Covered Products. (Dkt. #62 at p. 3).

This evidently did not resolve the matter. On July 15, 2020, Plaintiff filed a Motion to Enforce Judgment because Defendants "refused to sign the settlement agreement and promissory note" and "have not made any payments" (Dkt. #68 at p. 1). The same day, Defendants filed a Motion for Reconsideration of Order on Motion to Enforce Settlement (Dkt. #69). Simultaneously, Defendants also moved to Deposit Settlement Funds in Escrow Pending Resolution of their Motion for Reconsideration (Dkt. #70). The parties filed respective responses and replies to the competing motions. Relevantly, on July 29, 2020, Plaintiff responded to Defendants' Motion for Reconsideration (Dkt. #74). On August 3, 2020, Defendants replied (Dkt. #78).

## LEGAL STANDARD

Even though the "'Motion to Reconsider' is found nowhere in the Federal Rules of Civil Procedure, it [is] one of the more popular indoor courthouse sports at the district court level." *Westport Ins. Corp. v. Stengel*, 571 F. Supp. 2d 737, 738 (E.D. Tex. 2005) (quoting *Louisiana v. Sprint Comms. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995)); see *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) ("The Federal Rules do not recognize a 'motion for reconsideration' *in haec verba*."), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). Motions to reconsider serve the "very limited purpose . . . [of]

'permit[ting] a party to correct manifest errors of law or fact, or to present newly discovered evidence.'" *Polen v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:16-CV-00842, 2017 WL 3671370, at *1 (E.D. Tex. June 30, 2017) (quoting *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002)). Granting a motion to reconsider "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).

"Mere disagreement with a district court's order does not warrant reconsideration of [an] order." *Westport Ins. Corp.*, 571 F. Supp. 2d at 738 (citing *Krim*, 212 F.R.D. at 332). Moreover, parties should present their strongest arguments upon initial consideration of a matter—motions for reconsideration cannot serve as vehicles for parties to "restate, recycle, or rehash arguments that were previously made." *Domain Prot., LLC v. Sea Wasp, LLC*, No. 4:18-CV-792, 2020 WL 4583464, at *3 (E.D. Tex. Aug. 10, 2020) (citing *Krim*, 212 F.R.D. at 332); *see Texas Instruments, Inc. v. Hyundai Elecs. Indus., Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999) ("[M]otions for reconsideration 'should not be used to raise arguments that could, and should, have been made before the entry of judgment or to re-urge matters that have already been advanced by a party.'" (brackets and ellipsis omitted)). A "district court's 'opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)).

## ANALYSIS

Defendants argue the Court erred by adopting Plaintiff's definition of Covered Products because the parties had purportedly agreed to a separate definition during settlement discussions on January 21, 2020. This argument fails for two reasons.

First, Defendants' argument amounts to asking the Court for a do-over. Defendants put forward no manifest error of law or fact and only point to previously submitted exhibits (*See* Dkt. #57, Exhibit A). The Court already reviewed these settlement emails. They do not support Defendants' position. The Court's Order is not a first draft, "subject to revision and reconsideration at a litigant's pleasure." *A&C Constr. & Installation,* 963 F.3d at 709. It is not enough that Defendants merely disagree with the Court's ruling. A motion to reconsider is an "extraordinary remedy" and is not for rehashing previously offered evidence. *Templet*, 367 F.3d 473, 479. Defendants' motion does not meet this high bar.

Second, the settlement emails do not support Defendants' argument. The email thread shows the give-and-take that is standard in all negotiation discussions, where every "give" is contingent on a corresponding "take". On January 20, 2020, Defendants' counsel emailed Plaintiff's counsel with proposed revisions to the settlement agreement (Dkt. #69, Exhibit 6 at p. 4 ("Maria, I have a slightly different approach and have attached a revised settlement agreement . . ."). The following day, Plaintiff gave a counterproposal (Dkt. #69, Exhbit 6 at p. 3 ("Tom, I am attaching a new draft. PlasmaCAM has agreed to your change in paragraph 2 (the definition of covered products). However, . . . we are confident that it was never the intention to release your client from claims that are unrelated to the claims pending in the case."). Defendant rejected the counterproposal (Dkt. #69, Exhibit 6 at p. 2 ("Maria, Thank you for your revised draft settlement agreement. We were happy to see that deleting the previous limitation in part 2 is agreed. However, we cannot agree to the other proposed changes . . . please ask PlasmaCAM to reconsider its proposed revisions . . ."). Plaintiff did not agree to Defendants' proposed Covered Products language in a vacuum. Plaintiff "gave" Defendants' the Covered Products language in exchange for other proposed changes. When Defendants rejected those proposed changes, it rejected

5

Plaintiff's counterproposal.  Defendants cannot now claim the settlement terms were finalized back in January.

As the settlement language was in flux, the Court's Order properly relied on the parties' briefing to construe Covered Products.  The Court carefully considered Defendants' arguments when preparing its Order.  The Court reconsiders them and remains unpersuaded.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Reconsideration or Clarification (Dkt. #69) is **DENIED**.

**SIGNED this 9th day of December, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE