# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| PLASMACAM, INC., § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> CNCELECTRONICS, LLC, FOURHILLS § <br> DESIGNS, LLC, THOMAS LEE § <br> CAUDLE, AND MARTHA JANE § <br> CAUDLE, § <br> *Defendants*. § | Civil Action No. 4:19-cv-00037 <br> Judge Mazzant |

## MEMORANDUM ORDER AND OPINION

Before the Court is Defendants CNC Electronics, LLC, Fourhills Designs, LLC, Thomas Lee Caudle, and Martha Jane Caudle's Motion for Entry of Final Judgment (Dkt. #100). On remand of the above-captioned matter from the United States Court of Appeals for the Federal Circuit (Dkt. #97), the parties filed competing briefs for entry of final judgment (Dkt. #99; Dkt. #100). Having reviewed the briefs, the mandate, and the applicable law, the Court finds that Defendants' Motion for Entry of Final Judgment (Dkt. #100) should be **DENIED**. The Court will separately enter an amended final judgment consistent with this Order.

## BACKGROUND

This case involves allegations of patent infringement. Plaintiff PlasmaCAM, Inc. sued Defendants CNC Electronics, LLC, Fourhills Designs, LLC, Thomas Lee Caudle, and Martha Jane Caudle (collectively, "Defendants") for infringing U.S. Patent No. 7,071,441 ("the '441 Patent") (Dkt. #2). After nearly a year of litigation, the parties agreed to settle the case (Dkt. #50). Despite reaching an agreement in principle, the parties subsequently informed the Court that they disagreed on the scope of the settlement agreement's mutual release and the products covered by its covenant

not to sue (the "Covered Products") (Dkt. #51).

The Court determined that the parties' disagreement on those terms was essentially frivolous, and that their objective understanding of the disputed terms was accurately set out in Plaintiff's briefing in support of its Motion to Enforce Settlement (Dkt. #66 at p. 4). Accordingly, on December 9, 2020, the Court entered its final judgment in this matter (Dkt. #83). The Court's final judgment ordered Defendants to execute Plaintiff's version of the settlement agreement, which included a promissory note (Dkt. #83). The Court also ordered Defendants to pay $10,000 in default interest to Plaintiff as set forth by the promissory note (Dkt. #83).

Defendants appealed the Court's final judgment to the United States Court of Appeals for the Federal Circuit (Dkt. #84). On appeal, Defendants presented the Federal Circuit with two primary requests for relief. First, Defendants requested that the Federal Circuit vacate the Court's final judgment and remand this case to allow the parties to execute an amended settlement agreement specifying the corrected definition of Covered Products. Opening Brief of Appellants at 33, *PlasmaCAM, Inc. v. CNCElectronics, LLC*, 24 F.4th 1378 (Fed. Cir. 2022) (No. 21-1689). Second, Defendants requested that the Federal Circuit order the Court to direct Plaintiff to return the $10,000 in default interest. *Id.*

On February 3, 2022, the Federal Circuit reversed and remanded the Court's final judgment in this matter in a two-to-one decision. *PlasmaCAM*, 24 F.4th at 1380. The Federal Circuit disagreed with the Court's conclusion that the correct version of the settlement agreement, including the Covered Products language, was set out in the Plaintiff's briefing in support of its Motion to Enforce Settlement. *Id.* Rather, the Federal Circuit concluded that the parties had agreed to use Defendants' version of the settlement agreement, which defined the Covered Products as "all components manufactured, sold or offered for sale by CNC which incorporate

2

digital torch height control," on January 21, 2020. *Id.* at 1384. Accordingly, the Federal Circuit reversed the Court's "order concerning the Covered Products term; [held] that the parties reached an agreement regarding the term on January 21; and remand[ed] for the [Court] to enter an appropriate order utilizing the January 21 agreed definition of Covered Products." *Id.* The Federal Circuit did not address Defendants' arguments regarding the default interest.

Pursuant to the Federal Circuit's mandate, issued on March 15, 2022, the Court must reissue a final judgment to enforce the settlement agreement in accord with the Federal Circuit's interpretation of the agreement (Dkt. #97). The Court held a status conference on March 15, 2022, in which the parties agreed to file briefing as necessary on any outstanding issues and joint proposed final judgment in compliance with the Federal Circuit's decision (Dkt. #98).

On April 27, 2022, Plaintiff filed its Brief Regarding Final Judgment in Accordance with Federal Circuit Remand (Dkt. #99). The same day, Defendants filed their Motion for Entry of Final Judgment on Remand (Dkt. #100). On May 11, 2022, Defendants filed a response to Plaintiff's requested final judgment (Dkt. #101). On May 12, 2021, Plaintiff filed a response to Defendants' requested final judgment (Dkt. #102).

## LEGAL STANDARD

The mandate rule, which is a corollary of the law-of-the case doctrine, "requires a district court on remand to effect [the appellate court's] mandate and to do nothing else." *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007).[1] Absent exceptional circumstances, the mandate rule prevents a district court on remand from reexamining issues expressly or impliedly decided by the appellate court." *See, e.g.*, *Gene & Gene, L.L.C. v. BioPay, L.L.C.*, 624 F.3d 698,

---

[1] "The law of the case is a procedural matter not unique to patent law," to which the Federal Circuit would apply the precedent of the regional circuit in which the case arose—here, the Fifth Circuit. *Omega Pats., LLC v. CalAmp Corp.*, 13 F.4th 1361, 1374 (Fed. Cir. 2021) (internal quotations omitted).

702 (5th Cir. 2010) ("[T]he mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court."). That said, "a mandate is controlling only as to matters within its compass." *In re Deepwater Horizon*, 928 F.3d 394, 398 (5th Cir. 2019) (internal quotations omitted). In determining the scope of the mandate, a district court on remand must follow both "the letter and the spirit of the mandate by taking into account the appeals court's opinion and circumstances it embraces." *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 675 F.3d 433, 438 (5th Cir. 2012).

## ANALYSIS

On remand, the Court must re-issue its final judgment pursuant to the Federal Circuit's mandate. In their post-appeal briefing, the parties disagree on two issues: (1) whether the Federal Circuit vacated the settlement agreement in its entirety or solely the Covered Products language, and (2) whether Plaintiff must return the $10,000 in default interest that Defendants paid under the Court's original final judgment. The Court addresses both issues in turn.

**I.     The Scope of the Federal Circuit's Mandate**

It is undisputed that the Federal Circuit's mandate directs the Court to reform the Covered Products language to comply with the parties' understanding. *PlasmaCAM*, 24 F.4th at 1384. But Defendants urge the Court to go a bridge further, arguing that an "appropriate order" should include a finding that the settlement agreement and its accompanying promissory note were rendered "null and void" by the Federal Circuit's decision (Dkt. #100 at p. 3). Conversely, Plaintiff argues that the Federal Circuit vacated only the Covered Products portion of the settlement agreement (Dkt. #99 at p. 5). According to Plaintiff, the Federal Circuit's reversal was "narrowly tailored" and its mandate limits the Court to addressing only the Covered Products language of the

parties' settlement agreement on remand.

The Federal Circuit issued its mandate to this Court in accordance with its opinion (Dkt. #97). In relevant part, the Federal Circuit's opinion states the following:

> We reverse the district court's order *concerning the Covered Products term*; hold that *the parties reached an agreement regarding the term on January 21*; and remand for the district court to enter an appropriate order *utilizing the January 21 agreed definition of Covered Products*.

*PlasmaCAM*, 24 F.4th at 1384 (emphasis added).

Plaintiff is correct that the Federal Circuit's mandate is narrowly tailored to address only the Covered Products portion of the Court's original final judgment. On remand, the mandate rule dictates that this Court must "give effect to [the Federal Circuit's] mandate and do nothing else." *Gen. Universal Sys.*, 977 F.3d at 482. The Federal Circuit's opinion makes clear that it specifically "reverse[d] the [Court's] order concerning the Covered Products term." *PlasmaCAM*, 24 F.4th at 1384. It contains no directive on the remaining settlement terms. Nor does it address the validity of the settlement agreement itself. Rather, it specifically acknowledges that the parties reached an agreement on the Covered Products term and remands this case for the Court to enter an order that is consistent with that agreement. *Id.* Given this explicitly narrow mandate, the Court cannot go further because "only those discrete, particular issues identified by the appeals court for remand are properly before the district court." *Bourne v. Gunnels*, No. 19-20815, 2022 WL 963979, at *2 (5th Cir. Mar. 30, 2022) (per curiam) (cleaned up).

Defendants attempt to counter this narrow language by arguing that the Federal Circuit actually reversed the Court's judgment ordering Defendants to execute Plaintiff's version of the settlement agreement in its entirety, thereby voiding the settlement agreement (Dkt. #101 at p. 3). It is true that the Federal Circuit's opinion "reverse[d] the district court's judgment ordering CNC to execute Plasmacam's version of the settlement agreement and conclude[d] that CNC's version

5

of the agreement accurately reflects the parties' understanding." *PlasmaCAM*, 24 F.4th at 1380.

But, in context, this language is not so broad that it nullifies the settlement agreement. In determining the scope of the mandate, the Court must proceed "within the letter and the spirit of the mandate by taking into account the appeals court's opinion and the circumstances that it embraces." *City of Boerne*, 675 F.3d at 438. Both the letter and the spirit of the Federal Circuit's mandate are clear here: the opinion focuses exclusively on the Covered Products language and its sole directive to this Court is to enter an order "utilizing the January 21 agreed definition of Covered Products." *PlasmaCAM*, 24 F.4th at 1384. Going beyond this narrow directive would violate the mandate rule. *See, e.g.*, *Gen. Universal Sys.*, 977 F.3d at 482 ("[O]n remand the district court must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court.") (internal quotations omitted).

Accordingly, the Court finds that the Federal Circuit's mandate affects only the portion of the Court's original final judgment that specifies the Covered Products.

## II.   Default Interest

Defendants also argue that the Federal Circuit's decision reversed the portion of this Court's original final judgment that ordered Defendants to pay $10,000 in default interest as required by the promissory note. As explained above, the Federal Circuit's mandate is narrowly tailored to address the Covered Products language, and it does not disturb the portion of this Court's original final judgment pertaining to the default interest.

In effect, Defendants ask the Court to rule on an issue that the Federal Circuit declined to decide. Defendants briefed the default interest issue and explicitly asked the Federal Circuit to reverse the portion of the Court's final judgment that ordered Defendants to pay the default interest to the Plaintiff. Opening Brief of Appellants at 33, *PlasmaCAM*, 24 F.4th 1378 (Fed. Cir. 2022)

(No. 21-1689). But the Federal Circuit declined to address this issue. Consequently, because the default interest issue was fully presented to the Federal Circuit, it was "within the scope of the appealed judgment" and thus incorporated within the mandate and "precluded from further adjudication." *Packet Intel. LLC v. NetScout Sys., Inc.*, No. 2:16-CV-00230, 2022 WL 1406915, at *3 (E.D. Tex. May 4, 2022).

Additionally, Defendants argue that Plaintiff repudiated the settlement agreement as of July 17, 2020, and, as a result, that Defendants are not obligated to pay the default interest (Dkt. #100 at p. 4). Defendants initially raised their repudiation argument in their Motion to Enforce Settlement (Dkt. #56), but they did not raise it on appeal. Consequently, the mandate rule bars the Court from considering it here because "[a]ll other issues not arising out of [the appeals court's] ruling and not raised before the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court below." *United States v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006).

In short, only the "discrete, particular issues" identified by the Federal Circuit for remand are properly before the Court. *Bourne*, 2022 WL 963979, at *2. The Federal Circuit did not identify the default interest issue as being before this Court on remand, and, consequently, the Court cannot rule on it here.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Entry of Final Judgment (Dkt. #100) is hereby **DENIED.**

The Court will enter an amended final judgment in accordance with this Order.

**IT IS SO ORDERED.**

**SIGNED this 21st day of September, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE